UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALLEN MARTIAL ARTS, LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SHIR MARTIAL ARTS, LLC, et al.,<br><br>　　　　　Defendants. | Case No.   13-cv-05898-JST<br><br>**ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 17 |

Before the Court is Defendants' motion to dismiss this action for copyright infringement, misappropriation, breach of contract, and other causes. ECF No. 17. The Court will grant it in part and deny it in part.

I.   **BACKGROUND**

Plaintiffs Pallen Martial Arts, LLC and Fe Pallen filed this action on December 19, 2013, asserting claims for copyright infringement, breach of contract, unfair business practices, misappropriation of trade secrets, and conversion against Defendants Shir Martial Arts, LLC, formerly known as Pallen M2-Shir, LLC, Samar Shirmohamadi, Manuchehr Shirmohamadi, and Marjan Mahjouri. Compl., ECF No. 1.

Plaintiffs allege that Plaintiff Pallen Martial Arts[1] provides "highly distinctive and specialized martial arts training services through a dojo" based in the greater San Jose area. Id. ¶ 2. The training system consists of "one of a kind" techniques derived from a martial art style called Kajukenbo. Id. Plaintiff Fe Pallen is the surviving spouse of Max F. Pallen, Jr., the deceased founder of Pallen Martial Arts. Id. ¶ 4. The individual defendants are alleged to be co-

---

[1] In their Complaint, Plaintiffs alternatively refer to the LLC Plaintiff as "Pallen Martial Arts, LLC" and "Pallen M2, LLC." For the sake of clarity, the Court will refer to it as "Pallen Martial Arts."

owners of Defendant Shir Martial Arts. Id. ¶¶ 6–8.

As part of developing Pallen Martial Arts, the founder developed a "specialized class curriculum," which involved the development of "unique trademarks, equipment systems, color schemes, specialized factory build-outs, signage, standard operating procedures, organizational systems, business documents, forms[,] and handouts," which the Complaint refers to collectively as "Business Information." Id. ¶ 17. The founder decided to license this Business Information for use at other Pallen dojos operated by former students of the founder. Id. ¶ 18. Defendant Samar Shirmohamadi was a former student of the founder, and she and her father, Defendant Manuchehr Shirmohamadi, entered into a "License-Methods Agreement" ("Agreement") with the founder of Pallen Martial Arts in April 2010. Id. ¶ 20. The Agreement contemplates the opening and operation of a licensed Pallen dojo called "PM2-Shir Martial Arts." Id. The Agreement's stated purpose is to license to the "use of certain valuable licensed trade names, service marks, and trademarks" owned by Pallen Martial Arts, including "distinctive techniques, expertise, and knowledge in establishing, operating, and promoting martial arts schools and related licensed methods of doing business . . . ." Id., Ex. 1 ("Agr.") ¶ 1.1. The grant of licensed methods is limited to a particular territorial area. Agr. ¶ 3.4.

The Agreement contains a number of limitations and covenants similar to those found in a franchise Agreement, such as detailed obligations concerning the operation of the licensed dojo, and limitations on the use of advertising. In addition, paragraph 14.1 of the Agreement provides, in part: "Buyer acknowledges that Seller and its affiliates have the sole right to license and control Buyer's use of the Marks and that such Marks shall remain under the sole and exclusive ownership and control of Seller and its affiliates." Paragraph 14.2 provides, in part:

> Buyer hereby acknowledges that Seller or one or more of Seller's affiliates owns and controls the distinctive plan for establishing, operating, and promoting Pallen M2 Schools and all related licensed methods of doing business . . . which include, but are not limited to methods, martial arts school equipment standards, customer relations, marketing techniques, written promotional materials and Operations Manual contents, advertising, and accounting systems; all of which constitute trade secrets of Seller or such affiliate(s) and have been licensed to Seller, and Buyer acknowledges that Seller

2

and its affiliates have valuable rights in and to such trade secrets. The Agreement also imposes certain obligations on the buyer upon termination or expiration, including that the buyer "[c]ease identifying itself as a Pallen M2 Buyer and cease using any Marks, trade secrets, signs, symbols, devices, trade names, or other material of Seller and its affiliates," and "[i]mmediately cease to identify the [dojo] Location as being, or having been, associated with Seller and immediately cease using Marks and Licensed Methods." Id. ¶ 18.7(b)–(c). The Agreement also contains a post-termination covenant not to compete lasting two years, id. ¶ 20.3, and a confidentiality clause applying to the "Licensed Methods" and "Marks," id. ¶¶ 20.5, 20.6.

In October 2010, Defendant Shir Martial Arts terminated the Agreement and "claimed to disassociate themselves with Plaintiffs, but they kept operating the dojo." Compl. ¶ 26. It was then that they renamed the dojo "Shir Martial Arts."[2] Plaintiffs allege that, despite the termination of the Agreement, Defendants are "essentially running the same dojo anticipated by the Agreement, only under a different name." Id. ¶ 28. On information and belief, Plaintiffs also allege that Defendants have disclosed the "confidential Licensed Methods, trade secrets and other Business Information" to competitor and third party Taylor Martial Arts, which Plaintiffs allege is likely to jeopardize the value of their business. Id. ¶ 29.

Of relevance to Plaintiffs' copyright claim, the Complaint allege that Plaintiffs own U.S. copyrights for the following materials used at Defendants' dojo: "Student Red Card, New Student Information Form, Student Contract, and New Student Application." See id., Exiths. 2–5.

## II.   LEGAL STANDARD

In considering a motion to dismiss, courts accept the material facts alleged in the complaint, together with reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's

---

[2] "Shir Martial Arts, LLC" is also referred to as "PM2-Shir Martial Arts" and "Pallen M2-Shir, LLC" throughout the Complaint. For the sake of clarity, the Court will refer to it as "Shir Martial Arts."

elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In addition, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.  ANALYSIS

Defendants move to dismiss Plaintiffs' copyright infringement claim in its entirety, the remaining claims as to Plaintiff Fe Pallen, and the remaining claims as asserted by Pallen Martial Arts against the individual Defendants. Defendants also move to strike certain allegations as improper pursuant to Rule 12(f).

#### A.  **Copyright Infringement**

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). Defendants move to dismiss Plaintiffs' copyright infringement claim because the allegedly protected documents are not copyrightable, and because Plaintiffs have failed to allege copying. In the alternative, Defendants move to dismiss the claim as to Plaintiff Pallen Martial Arts because it does not have standing to sue for copyright infringement, that is, that Pallen Martial Arts does not have a "valid copyright."

##### 1.  **Eligibility for Copyright Protection**

Plaintiffs argue that the Court cannot entertain Defendants' arguments concerning whether the Plaintiffs' documents are eligible for copyright protection at the motion to dismiss stage because the availability of copyright protection is a question for the jury.

Whether a work is entitled to copyright protection in the Ninth Circuit is either a question of fact, see N. Coast Indus. v. Jason Maxwell, Inc., 972 F.2d 1031, 1034 (9th Cir. 1992), or a mixed question of law and fact, see Ets-Hokin v. Skyy Spirits, Inc., 225 F.3d 1068, 1073 (9th Cir. 2000); Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 201 (9th Cir. 1989). Regardless,

as in any case, the Court may entertain Defendants' arguments, taking the allegations of the complaint as true, that Plaintiffs are not entitled to relief.  See, e.g., Moore v. Kroger Co., No. C-13-04171 DMR, 2014 WL 825428, at *5 (N.D. Cal. Feb. 28, 2014) (dismissing copyright claim based on blank forms rule).  If, taking the allegations as true, Plaintiffs have stated a claim upon which relief can be granted, denial of Defendants' motion will be appropriate.

Copyright protection for an original work does not extend to "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).  "Blank forms, such as time cards, graph paper, account books, diaries, bank checks, scorecards, address books, report forms, order forms and the like, which are designed for recording information," are not subject to copyright protection. 37 C.F.R. § 202.1(c).  Defendants argue the four documents at issue in this case are blank forms that are ineligible for copyright protection.

"It is well-established that blank forms which do not convey information are not copyrightable." Bibbero Sys., Inc. v. Colwell Sys., Inc., 893 F.2d 1104, 1106 (9th Cir. 1990). However, "[w]here a work consists of text integrated with blank forms, the forms have explanatory force because of the accompanying copyrightable textual material." Id. "Simple instructions," such as "complete upper portion of this form," do not trigger this exception. Id. at 1108.  In Bibbero, the plaintiff designed, marketed, and supplied "superbill" blank forms to medical providers to fill out and use to obtain reimbursement from insurance companies. Id. at 1105.  Each superbill contained

> boxes for patient information; simple clauses assigning insurance benefits to the doctor and authorizing release of patient information; and two lengthy checklists for the doctor to indicate the diagnosis and any services performed, as well as the applicable fee. All entries on the checklists are categories specified by the American Medical Association (AMA) or government publications, as are the code numbers accompanying each entry. The superbills differ according to specialty, to reflect the illnesses and treatments most relevant to the individual doctor.

Id.  The forms were personalized to reflect the physician's name and address, the nature of the doctor's practice, and the hospitals or clinics at which services were offered.  Id.  The Ninth

5

1  Circuit rejected the plaintiff's argument, made here, that the act of selection of some categories of
2  information and exclusion of others in drafting the form could "convey information" within the
3  meaning of copyright law because that exception was "potentially limitless." Id. at 1108. The
4  court held that the superbills were not subject to copyright protection because they were designed
5  to record information.

### a. Student Red Card and New Student Application

Bibbero is dispositive with respect to the Student Red Card, Compl., Ex. 2, and the New Student Application, Compl., Ex. 5.

The Student Red Card has "simple instructions" for students to fill in their name, phone number, e-mail address, and other biographical information. The bottom half of the card is used for staff to record which class the student is in, and for staff to use over time in recording the student's progress through the program. Nothing in the Student Red Card, *when blank*, "conveys information." Instead, it is unquestionably designed to record information. The Student Red Card is therefore ineligible for copyright protection.

The New Student Application is no different. New students are asked to fill in their biographical information and answer a number of questions, such as "Can you afford to pay between $155 - $165 per month for lessons?"; "Are you prepared to develop your mental discipline as well as your physical fitness?"; and "Do you have previous martial arts experience?" Plaintiffs argue these questions convey information about their martial arts program, such as the mental discipline required to participate. The Court finds that the application is indistinguishable from the superbills at issue in Bibbero, which conveyed information at least insofar as the selection of checklist items conveyed information about the medical services at issue. The Bibbero court expressly rejected Plaintiffs' argument that the selection and exclusion of information can convey information because "[a]ll forms seek only certain information, and, by their selection, convey that the information sought is important. This cannot be what the Copyright Office intended by the statement 'convey information' in 37 C.F.R. 202.1(c)." Bibbero, 893 F.2d at 1107. The New Student Application, when blank, does not convey information, but rather is designed to record it, and it is therefore ineligible for copyright protection.

Because the Court's "findings are based on the works themselves rather than on [Plaintiffs'] pleadings, the infringement claim must therefore be dismissed with prejudice" as it pertains to the Student Red Card and the New Student Application. Capcom Co., Ltd. v. MKR Grp., Inc., No. C 08-0904 RS, 2008 WL 4661479, at *11 (N.D. Cal. Oct. 20, 2008).

### b. New Student Information Form

The New Student Information Form, Compl., Ex. 3, is a handout given to new students. The top of the form is a chart indicating the days and times of lessons at the dojo; new students are instructed to circle the day and time of their lesson as a reminder. The next section is a list of fifteen items that students should do for each lesson, such as "Put your shoes on the rack outside," and "Before entering or exiting the dojo, please bow facing inside the dojo." Next, the handout contains a paragraph recounting the history of the Kajukenbo martial arts style. Finally, there are two paragraphs recounting the history of Pallen Martial Arts. Apart from circling the time of their lesson at top of the chart, students are not asked to record any kind of information; the handout appears to be designed to convey information to new students.

Defendants argue that the handout is a "blank form" because of the chart for calendaring lessons at the top of the form. Defendants argue that the "inclusion of a basic list of unoriginal instructions common to martial arts dojos does not alter this analysis, or render the form copyrightable." Mot., ECF No. 17-1 at 4. The Court disagrees. Original works consisting of "text integrated with blank forms" are subject to copyright protection because "the forms have explanatory force because of the accompanying copyrightable textual material." Bibbero, 893 F.2d at 1107. Unlike the "simple instructions" at issue in Bibbero, such as "complete upper portion of this form," the fifteen instructions on the New Student Information Form have "explanatory force" and are more akin to the detailed instructions the Ninth Circuit found subject to copyright in Edwin K. Williams & Co., Inc. v. Edwin K. Williams & Co.-E., 542 F.2d 1053, 1060 (9th Cir. 1976), cert. den'd 433 U.S. 908 (1977) (detailed instructions coupled with blank forms in account book were copyrightable). See also Continental Casualty Co. v. Beardsley, 253 F.2d 702, 704 (2d Cir. 1958) cert. den'd, 358 U.S. 816 (1958) (cited approvingly in Bibbero; insurance form with inseparable instructions explaining plan were copyrightable).

7

As for the historical information, Defendants argue that the recitation of historical facts "concisely and chronologically" is not subject to copyright protection. For support, Defendants rely on the Supreme Court's seminal decision in Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 348 (1991), holding that the publication of white pages was not copyrightable because "[n]o one may claim originality as to facts" since "facts do not owe their origin to an act of authorship." Id. at 347 (quotation and citations omitted).

As with the "blank forms" rule, the focus of the inquiry with regard to factual compilations remains on the degree of originality of the work; original components of a work may be eligible for protection, while others are not. Even though facts themselves are not copyrightable,

> [f]actual compilations . . . may possess the requisite originality. The compilation author typically chooses which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers. These choices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity, are sufficiently original that Congress may protect such compilations through the copyright laws.

Id. at 348. "Originality requires only that the author make the selection or arrangement independently (*i.e.,* without copying that selection or arrangement from another work), and that it display some minimal level of creativity." Id. at 358–59. The "vast majority of compilations will pass this test" but copyright protection will not extend to "a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent." Id. The Feist Court found that the compilation of names, towns, and telephone numbers was "so mechanical or routine as to require no creativity whatsoever," and therefore copyright protection did not extend to the white pages directory at issue in that case.

Taking the allegations of the complaint as true, the New Student Information Form is nothing like the white pages at issue in Feist. Although the three historical paragraphs convey "facts," the handout falls within the "vast majority of compilations" that satisfy the "minimal level of creativity" requirement for originality because the selection and arrangement of the relevant facts constitute an original work of authorship. It may be that, on a fuller record, Defendants can establish that the historical paragraphs constitute a "mechanical or routine" recitation of facts

copied from another work.  On the record before it, the Court finds that Plaintiffs have adequately alleged that the New Student Information Form is eligible for copyright protection.

### c.     **Student Contract**

Although the Student Contract, Compl., Ex. 4, is a form insofar as new students are expected to sign it, it is a legal document that Plaintiffs argue is eligible for copyright protection. Defendants appear to concede that a contract *may* be eligible for protection, and argue only that the contract at issue here is cobbled together from other form contracts that show up on a "Google search." Mot. at 5.

Defendants' authorities are of limited help, because in them the courts considered evidence outside the complaint, which this Court may not do on a motion to dismiss.  Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001).  In Donald v. Zack Meyer's T. V. Sales & Serv., 426 F.2d 1027, 1028 (5th Cir. 1970), cert. den'd 400 U.S. 992 (1971), for example, the defendant argued that the legal forms at issue were not original works because they were copied from other form documents.  The Fifth Circuit reversed the trial court's finding for the plaintiff because the "word arrangement used, while not identical, is at most only a paraphrase of various portions of earlier forms, and in copyright law paraphrasing is equivalent to outright copying." Id. at 1030.  Similarly, in M. M. Bus. Forms Corp. v. Uarco, Inc., 472 F.2d 1137, 1139 (6th Cir. 1973), on the basis of testimony from the drafter, the court held that a chattel mortgage agreement constituted an uncopyrightable "mosaic of the language appearing on other existing forms a[]lready in the public domain."

Limiting itself to allegations of the complaint, as it must, the Court finds that Plaintiffs have adequately alleged that the Student Contract is an original work eligible for copyright protection.

### 2.     **Allegations of Copying**

Defendants move to dismiss the copyright infringement claim on the separate ground that Plaintiffs have failed adequately to allege copying of Plaintiffs' work.

Plaintiffs allege that, despite the termination of the Agreement, "Defendants did not cease and have not ceased using the proprietary class curriculum.  Indeed, they continue to use the

9

Business Information and Licensed Materials to compete with Plaintiffs." Compl. ¶ 27. In addition, Plaintiffs allege that "Defendants are essentially running the same dojo anticipated by the Agreement, only under a different name." Id. ¶ 28. Plaintiffs also allege that Defendants "have been utilizing the identical or substantially identical Copyrighted Materials in the operation of its business." Id. ¶ 32. Indeed, Plaintiffs allege that "Defendants were observed requesting copies of the Copyright Works at a local copy store, Office Max, to make use of these items in connection with its dojo." Id. ¶ 34.

Despite these allegations, Defendants argue that Plaintiffs did not observe "whether any copies were *in fact* made pursuant to Defendants' request" and that copyright infringement does not apply to the unauthorized "use" of copyrighted material, and Plaintiffs only allege that Defendants "used" the materials in question. See Mot. at 7 (emphasis added). These arguments are not well-taken. It is a reasonable inference from the foregoing allegations – and perhaps the only reasonable inference – that Defendants copies Plaintiffs' copyrighted material. The Court finds Plaintiffs have plausibly alleged that Defendants copied and used in identical form the materials at issue in this case.

### 3. Ownership of Copyright — Pallen Martial Arts

Defendants move to dismiss Pallen Martial Arts' copyright infringement claim in its entirety because the copyright registrations attached to the Complaint list Fe Pallen, not Pallen Martial Arts, as the sole owner of copyrights in the works at issue by virtue of will and survivorship of the co-author. Although Plaintiffs make various arguments and suggestions in response, they do not contend that Pallen Martial Arts owns any of the copyrights at issue.

The Court will grant Defendants' motion to dismiss Pallen Martial Arts' copyright claim with leave to amend.

### B. Fe Pallen

Defendants move to dismiss Fe Pallen's claims for breach of contract, unfair business practices, misappropriation of trade secrets, and conversion on the ground that Fe Pallen lacks standing to assert them. In addition, Defendants argue that Fe Pallen is contractually barred from bringing them.

Plaintiffs concede that the breach of contract claim may only be asserted on behalf of Pallen Martial Arts, as Fe Pallen was not a contracting party. The Court will dismiss that claim with prejudice.

As for the remaining claims, Defendants argue that those claims belong exclusively to Pallen Martial Arts, and that Fe Pallen lacks standing to pursue those claims individually. However, the Complaint alleges that Fe Pallen co-owns the trade secrets at issue. Accordingly, Fe Pallen has adequately alleged claims for misappropriation of trade secrets, unfair business practices, and conversion. The Court will deny Defendants' motion on this ground.

Next, Defendants argue that Fe Pallen is contractually barred from joining any claims brought by Pallen Martial Arts against Shir Martial Arts, because the Agreement entered into between the entity parties contains a "Limitation of Claims" clause that provides, in part:

> Buyer and Seller agree that their sole recourse for claims arising between the parties shall be against the other party or its successors and assigns. Buyer and Seller agree that the shareholders, directors, officers, employees and agents shall not be personally liable nor named as parties in any action between Seller and Buyer.

Agr. ¶ 21.4.

The difficulty with this argument is that – as Defendants concede elsewhere in their reply brief, ECF No. 20 at 13:27–14:1 – Fe Pallen is not bound by the Agreement because she is not a party to it. Therefore, the cited paragraph has no effect on her ability to sue on these claims. The Court will deny Defendants' motion to dismiss on this ground.

### C. Individual Defendants

Defendants move to dismiss Plaintiffs' claims for breach of contract, unfair business practices, misappropriation of trade secrets, and conversion as asserted against the individual Defendants on the ground that Plaintiffs are contractually barred from asserting those claims pursuant to the same contract clause discussed above.

Plaintiffs concede that the breach of contract claim may only be asserted against Shir Martial Arts. The Court will dismiss the breach of contract claim as against the individual Defendants with prejudice.

As for the remaining causes of action asserted against the individual Defendants by Pallen Martial Arts, Defendants argue that the contract "prevents 'the individual Defendants from being named in this lawsuit,' insofar as this lawsuit also involves" the contracting parties. Reply Br., ECF No. 20 at 12–13. In response to Plaintiffs' argument that the clause exempts the individual Defendants from liability in violation of public policy, Defendants claim that the individual Defendants could be named in a separate suit. They characterize the contract clause at issue as a "non-joinder" clause preventing alleged wrongdoing by the individual Defendants "from being litigated in the same lawsuits as claims between the contracting entities." In short, the individual Defendants acknowledge that Pallen Martial Arts *can* sue them on this claim – as long as they do so in a separate lawsuit.

The Court could grant the Defendants' motion, and await the filing of a separate complaint, the filing of a notice of related case, and the inevitable order relating the two cases. Or it could do what it now does here: sever the claims against the individual Defendants on its own motion. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). This gives effect to the putative "non-joinder" clause in the Agreement, and avoids a great deal of otherwise unnecessary litigation.

Accordingly, the Defendants' motion to dismiss on this ground will be denied as moot.

### D. Motion to Strike Allegations and Prayers for Relief

Defendants move to strike several portions of Plaintiffs' complaint. Federal Rule of Civil Procedure 12(f) authorizes courts to strike "redundant, immaterial, impertinent, or scandalous matter" from pleadings. "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)). To fall within the scope of Rule 12(f), the material sought to be stricken must be either (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. Id.

Defendants move to strike Plaintiffs' allegation in paragraph 22 of the complaint that they own the copyrights in question, on the grounds that Plaintiffs are not in fact the owners. ECF No.

17 at 9-10. Defendants also move to strike several of Plaintiffs' requests for relief, including their request for compensatory and punitive damages under the UCL, Id. at 10; their stand-alone prayer for punitive damages, id.; and several paragraphs in Plaintiffs' prayer for relief on the grounds either that Plaintiffs lack standing to pursue the relief they seek, or that the remedy they seek is not authorized, id. at 11.

Defendants' motion to strike will be denied. Most fundamentally, none of the sections of the complaint Defendants complain about is an insufficient defense, redundant, immaterial, impertinent, or scandalous. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973-74 (9th Cir. 2010).

Secondly, contrary to the position taken in Defendants' brief, motions to strike are not appropriate as a means of striking a prayer for relief when the damages sought are not recoverable as a matter of law. Whittlestone specifically addressed this point, holding that Rule 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Whittlestone, 618 F.3d at 975. That court noted that such arguments are properly contained in a motion to dismiss under Rule 12(b)(6) or a summary judgment motion under Rule 56 – not a motion to strike under Rule 12(f). Id. at 974.[3]

Defendants' motion to strike is denied in its entirety.[4]

### E. Motion to Strike Demand for Jury Trial

In contrast to motions to strike prayers for relief on the ground that they are precluded as a matter of law, courts routinely entertain motions to strike demands for a jury trial.[5] See, e.g.,

---

[3] In support of their position, Defendants cite Bureerong v. Uvawas, 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996). ("A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."). In light of Whittlestone, Bureerong is no longer good law.

[4] Although the Court here denies Defendants' motion to strike, Plaintiffs would do well in an amended complaint to ensure that the relief they seek is authorized by law so as to avoid the need for future motion practice.

[5] Defendants' motion to strike may also be construed as a Rule 39(a)(2) motion for a finding that Plaintiffs lack a federal jury right.

Estate of McLaughlin v. Owens, No. 5:11-CV-02287 EJD, 2012 WL 893155, at *1 (N.D. Cal. Mar. 14, 2012) (collecting cases). Defendants move to strike Plaintiffs' demand for a jury trial as waived by the Agreement, which provides in pertinent part:

> Seller, Buyer, and the Bound Parties each waive their right to a trial by jury. Buyer, the Bound Parties, and Seller acknowledge that the parties' waiver of jury trail rights provides the parties with the mutual benefit of the uniform interpretation of this Agreement and resolution of any dispute arising out of this Agreement or any aspect of the parties' relationship. Buyer, the Bound Parties, and Seller further acknowledge the receipt and sufficiency of mutual consideration for such benefit.

Agr. ¶ 21.2. The Agreement states that it is governed by California law except to the extent it is governed by the Trademark Act or other Federal Law. Id. ¶ 21.1. The Agreement further provides that "any dispute between the parties . . . shall be governed by and determined in accordance with the substantive laws of the State of California, which laws shall prevail in the event of any conflict of law." Id.

Plaintiffs contend that the pre-dispute jury waiver is unenforceable under California law, while Defendants argue the waiver is enforceable under federal law.[6] In Grafton Partners L.P. v. Sup.Ct., 36 Cal. 4th 944, 957–61 (2005), the California Supreme Court held that pre-dispute jury waivers are unenforceable as a matter of law under the California Constitution and state contract law. Federal courts applying prevailing Seventh Amendment law, by contrast, honor pre-dispute jury waivers where the waiver was "knowing and voluntary."[7] See Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc., 521 F. Supp. 2d 1031, 1044 (N.D. Cal. 2007). Thus, resolution of this question depends on whether state or federal law applies.

The question of whether state or federal law applies has not been resolved in the Ninth Circuit, "and other circuits, which have not been faced with underlying state laws barring the

---

[6] In addition, Plaintiffs argue that Fe Pallen cannot be bound by the jury waiver because she is not a party to the Agreement. Defendants concede that Fe Pallen is not so bound, and the Court will deny the motion to strike the demand as to her for that separate reason.

[7] Plaintiffs do not contend that the waiver was other than knowing and voluntary.

14

enforcement of predispute jury waivers, are split on the question."[8] AMEC, supra, 2013 WL 6405811 at *4.[9]  See also IFC Credit Corp.v. United Bus. & Indus. Fed. Credit Union, 512 F.3d 989, 991 (7th Cir. 2008) ("There is no general federal law of contracts after Erie R.R. v. Tompkins, 304 U.S. 64, 58 (1938); if 'federal law' did control, the best it could do would be to use state law as the rule of decision.").  As Judge Orrick's thorough and well-reasoned opinion in AMEC illustrates, however, the growing consensus in this district is that jury trial waivers are unenforceable in contract actions brought under California law.  AMEC, supra, 2013 WL 6405811 at *5.  Federal law requires the Court to determine which state causes of action are entitled to be determined by a jury in order to protect the federal policy favoring jury trials – but this policy would be undermined if courts enforced pre-dispute contractual jury waivers that are illegal under California law.  Id. at *4 (citing Fin. Tech. Partners L.P. v. FNX Ltd., No. C-07-01298JSW, 2009 WL 464762 at * 2 (N.D. Cal. 2009).

It is worth noting one distinction between the prior cases in this district (and the cases they relied on) and the present case:  those were diversity cases, whereas here the Court has federal question jurisdiction based on the Copyright Act, and supplemental jurisdiction over Plaintiffs' state law claim.  But this distinction does not compel a different result.  In both situations, the question is the same:  whether to give effect to California's constitutional prohibition on jury trial waivers, so as to give effect to the federal policy which protects the right to a jury trial.  The Court concludes that it should.

Defendants' motion to strike Plaintiffs' jury demand will be denied.

---

[8] The AMEC court noted that most states, not including California or Georgia, permit the parties to a contract to waive their right to a jury trial.

[9] In Simler v. Conner, 372 U.S. 221 (1963), the Supreme Court held that, for purposes of determining whether a Seventh Amendment right to jury trial is available for a particular state law cause of action in a diversity suit, federal law applies. Id. at 222.  Simler, however, was not concerned with which law to apply to determine the validity of a contractual jury waiver, which is the issue presented here.  Rather, it "applied federal law to determine whether the state law causes of action and defenses at issue were entitled to determination by a jury or by a court sitting in equity."  AMEC Env't & Infrastructure, Inc. v. Spectrum Servs. Grp., Inc., 13-CV-04059-WHO, 2013 WL 6405811 (N.D. Cal. Dec. 6, 2013).

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Pallen Martial Arts' first cause of action for copyright infringement is hereby DISMISSED with leave to amend;

2. Fe Pallen's second cause of action for breach of contract is hereby DISMISSED with prejudice;

3. Pallen Martial Arts' second cause of action for breach of contract as against the individual Defendants is hereby DISMISSED with prejudice; and

4. Pallen Martial Arts' claims against the individual Defendants are hereby severed pursuant to Federal Rule of Civil Procedure 21. The Clerk shall create a separate case number for those claims. The first docket entry in the severed case shall be this Order. The operative complaint in the instant case shall also be the operative complaint of the severed case, and Defendants shall respond to the complaint as though it was filed on the date of this Order. Pallen Martial Arts will not be required to re-serve the operative complaint on the individual defendants.

5. Defendants' motion is hereby DENIED in all other respects. Plaintiffs shall file their amended complaint within thirty days from the date of this Order.

**IT IS SO ORDERED.**

Dated: May 23, 2014

_____
JON S. TIGAR
United States District Judge