David R. Sugden, Bar No. 218465
   dsugden@calljensen.com
Deborah A. Gubernick, Bar No. 242483
   dgubernick@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Plaintiffs PALLEN MARTIAL
ARTS, LLC, and FE PALLEN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALLEN MARTIAL ARTS, LLC, a California limited liability company, and FE PALLEN, an individual.<br><br>      Plaintiffs,<br><br>      vs.<br><br>SHIR MARTIAL ARTS, LLC, a California limited liability company, f/k/a PALLEN M2-SHIR, LLC, and SAMAR SHIRMOHAMADI, an individual, MANUCHEHR SHIRMOHAMADI, an individual, and MARJAN MAHJOURI an individual; and DOES 1-10.<br><br>      Defendants. | Lead Case No.:  13-cv-05898-JST<br>Related To Case Nos.: 14-cv-02433-JST<br>                   14-cv-02742-JST<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>  **1. COPYRIGHT INFRINGEMENT**<br>  **2. BREACH OF CONTRACT**<br>  **3. UNFAIR BUSINESS PRACTICES**<br>  **4. MISAPPORPRIATION OF TRADE SECRETS**<br>  **5. CONVERSION**<br>  **6. VICARIOUS TRADEMARK INFRINGEMENT**<br>  **7. CONTRIBUTORY TRADEMARK INFRINGEMENT**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   None Set<br>Trial Date:   None Set |

- 1 -
FIRST AMENDED COMPLAINT

Plaintiffs ("Plaintiffs" or "Pallen") hereby allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs filed their original Complaint against all Defendants on December 17, 2013.  Pursuant to this Court's order, Plaintiffs' claims have been severed and three cases now exist from the original Complaint filed on December 17, 2013.  The lead case is 13-cv-05898-JST; the two new case numbers are 14-cv-02433-JST and 14-cv-02742-JST.   Plaintiff makes this First Amended Complaint and files a copy thereof in each of the cases related to the lead case as ordered.  In these related cases, Plaintiffs seek to redress damages incurred by defendants SHIR MARTIAL ARTS, LLC, a California limited liability company, f/k/a PALLEN M2-SHIR, LLC, and SAMAR SHIRMOHAMADI, MANUCHEHR SHIRMOHAMADI, and MARJAN MAHJOURI, individuals, for infringement of Plaintiffs' copyrighted business materials, breach of contract, interference with prospective economic advantage and unfair competition.

2.     Plaintiff Pallen M2 LLC is a California limited liability corporation that provides highly distinctive and specialized martial arts training services through a dojo (martial arts studio) based in the greater San Jose, California area.  Plaintiffs' training system consists of one of a kind, distinctive and original techniques derived from the martial art style called Kajukenbo.   Plaintiffs' specialized training programs have afforded it great success, recognitions and wins in the martial arts world.  Plaintiffs have contributed to the personal and physical development of numerous students, and have produced multiple Grand Champion black belts in the martial arts community.  In an attempt to profit from the success of Plaintiffs, Defendants have set out to unlawfully copy and utilize Plaintiffs' intellectual property including written business materials, business methods, and proprietary curriculum and training techniques--without regard to Plaintiffs' rights.  Accordingly, Plaintiffs seek injunctive relief and damages, as set forth more fully below and in the accompanying Prayer for Relief.

CALL &
JENSEN

**PARTIES**

3.     Plaintiff Pallen M2, LLC is and was at all times mentioned in this First Amended Complaint a limited liability company organized and existing under the laws of California, with a principal place of business located at 3963 E. Castro Valley Boulevard, Castro Valley, California 94552.

4.     Plaintiff Fe Pallen is an individual and is the owner Pallen M2, LLC.  She is the surviving spouse of Max F. Pallen, Jr., deceased, founder of Pallen M2, LLC.

5.     Defendant Shir Martial Arts, LLC is a California limited liability company specializing in providing martial arts instruction and related services, with a business address at 4480-A Tassajara Road, Dublin, CA 94568.  Shir Martial Arts was formerly known as PallenM2-Shir, LLC and PM2-Shir Martial Arts.  Shir Martial Arts, LLC is the successor in interest of PallenM2-Shirt LLC and PM2-Shir Martial Arts.

6.     Defendant Samar Shirmohamadi is an individual with a residence in the greater San Jose, California area, specifically in the city of Dublin.  On information and belief, she is the co-founder and managing partner of Shir Martial Arts, LLC.

7.     Defendant Manuchehr Shirmohamadi is an individual with a residence in the greater San Jose, California area, specifically in the city of Castro Valley.  On information and belief, he is a co-founder/co-owner and partner of Shir Martial Arts.

8.     Defendant Marjan Máhjouri is an individual with a residence in the greater San Jose, California area, specifically in the city of Castro Valley.  On information and belief, she is also a co-owner and partner of Shir Martial Arts.

9.     Plaintiffs are ignorant of the true names and capacities of defendants sued as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this First Amended Complaint, DOES 1-10 were the agents and employees of their co-defendants or otherwise responsible for the conduct complained of herein, and in doing the things alleged in this First Amended Complaint were acting within the course and scope of that agency and employment or

FIRST AMENDED COMPLAINT

1   were otherwise responsible for the damages complained of by Plaintiffs.  Plaintiffs will

2   amend this First Amended Complaint to allege its true names and capacities when

3   ascertained.

## JURISDICTION AND VENUE

5   10.    This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

6   11.    The Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7   12.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 in that a

8   substantial part of the events giving rise to the claims occurred in this District, and

9   Defendants have targeted their harm and injury to Plaintiffs whose principal place of

10   business is in this District.

11   13.    Jurisdiction and venue are also proper in as much as the parties have

12   consented to the exclusive venue for disputes between them as the United States

13   District Court of the Northern District of California, Oakland Division pursuant to the

14   agreement executed by the parties, addressed more fully below.

## FACTUAL ALLEGATIONS

17   14.    Plaintiffs are the owners and operators of a martial arts school and studio

18   (dojo) in Castro Valley, California called Pallen M2 (the "Pallen Dojo"), named for

19   Max Pallen, Jr., its Grand Master (the "Grand Master").

20   15.    Grand Master was an acclaimed Grand Champion in the martial arts

21   community, winning his first Grand Championship Title at the age of fourteen (14).  He

22   went on to win titles in specialized martial arts fighting styles, including: Point

23   Fighting, Olympic Style Fighting, Stick Fighting and Open Kata.

24   16.    Having established a reputation for excellence and prowess in a very

25   specialized martial art called Kajukenbo, Grand Master set out to open the Pallen Dojo

26   to train other martial artists in this style when he was just twenty (20) years old.

27   17.    For the more than two decades that followed, Grand Master made it his

28   life's work to develop a highly specialized curriculum that produced over twenty

FIRST AMENDED COMPLAINT

CALL&
JENSEN

recognized Grand Champions. Along with his specialized class curriculum, Grand Master developed unique trademarks, equipment systems, color schemes, specialized facility build-outs, signage, standard operating procedures, organizational systems, business documents, forms and handouts (collectively, "Business Information") for use in running the Pallen Dojo.

18. As the Pallen Dojo grew, Grand Master ultimately decided to expand the organization by licensing his Business Information for use at other Pallen Dojos operated by black belts who had been trained by Grand Master himself.

19. Defendant Samar Shirmohamadi had reached the rank of black belt at the Pallen Dojo under Grand Master. She later desired to operate a Pallen Dojo. Her father, Defendant Manuchehr Shirmohamadi, agreed to finance Samar's purchase of the Pallen Dojo license.

20. In April of 2010, Plaintiffs and Defendants entered into a "License-Methods Agreement" (the "Agreement") through which Defendants paid to open and operate a licensed Pallen Dojo under the name "PM2-Shir Martial Arts." Attached as Exhibit 1 is a true and correct copy of the Agreement.

21. Among other things, Defendants agreed and acknowledged that Plaintiffs own certain Business Information and "Licensed Methods," trade secrets and other intellectual property pursuant to the terms of the Agreement.

22. Defendants agreed to treat Plaintiffs' Licensed Methods as "proprietary and confidential and not use such information in an unauthorized manner, or to disclose the same to any unauthorized person."

23. Defendants agreed that in the event of termination, they were to stop using the Business Information, Licensed Methods, and return the "Operations Manual and all other information, documents, and copies which are proprietary to [Plaintiffs] . . ."

24. Among other things, Defendants also agreed not to compete with Plaintiffs in the event of termination of the Agreement.

FIRST AMENDED COMPLAINT

25.     In October of 2012, PM2-Shir Martial Arts purported to terminate the Agreement and claimed to disassociate themselves with Plaintiffs, but they kept operating the dojo.  They renamed their dojo and business to "Shir Martial Arts."

26.     Despite this purported termination of agreement and disassociation with Plaintiffs, Defendants did not cease and have not ceased using the proprietary class curriculum.  Indeed, they continue to use the Business Information and Licensed Materials to compete with Plaintiffs and retained Plaintiffs' Business Information, copyrights and materials for Plaintiffs' Licensed Methods, contrary to the terms of the Agreement and in blatant disregard of Plaintiffs' rights.

27.     Plaintiff Fe Pallen owns U.S. copyright registrations for certain materials used at its dojo, including the Student Contract and New Student Application ("Copyrighted Works").  A true and correct copy of each is attached as Exhibits 2 and 3, respectively.  Plaintiff Fe Pallen licenses the Copyrighted Works to Plaintiff Pallen Martial Arts—the business entity that operates Plaintiffs' dojos.

28.     Defendants are essentially running the same dojo anticipated by the Agreement, only under a different name.  The dojo still operates based on Plaintiffs' well developed Business Information, Licensed Methods and copyright – all without Plaintiffs' authorization.

29.     Furthermore, on information and belief, Defendants have divulged and disclosed the confidential Licensed Methods, trade secrets and other Business Information to a competitor and third party martial arts organization:  Taylor Martial Arts in Livermore, California.  Such disclosure is likely to jeopardize the value of Plaintiffs' business and compromise the proprietary nature of materials Plaintiffs have worked so hard to establish for over two decades.

30.     Defendants' actions have caused harm to Plaintiffs.  If left unchecked, Defendants' wrongful acts will simply continue, causing further harm.  Defendants must be enjoined from their wrongful acts and be forced to make Plaintiffs whole as set forth in the Prayer for Relief.

# FIRST CAUSE OF ACTION

## (For Copyright Infringement)

### (By Plaintiff Fe Pallen Against All Defendants)

31.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 30, inclusive, and incorporates them as though fully set forth by this reference herein.

32.    Plaintiff is informed and believes that Defendants have been utilizing the identical or substantially identical Copyrighted Materials in the operation of its business.

33.    Defendants are not authorized by Plaintiff to use her Copyrighted Works, or any substantially similar representations, in connection with the operation of its business, the marketing and/or sale of its services, and in other manners in which to compete with Plaintiff.

34.    Plaintiff is informed and believes that Defendants had access to the Copyrighted Works, including access provided by Plaintiff as part of the Agreement. Indeed, Defendants were observed requesting copies of the Copyrighted Works at a local copy store, Office Max, to make use of these items in connection with its dojo.

35.    Use of identical Copyrighted Works at a Defendants' competing dojo is likely to suggest to consumers that Defendants and Plaintiff are affiliated, and that Defendants are endorsed, sponsored or otherwise associated with Plaintiff, causing confusion in the marketplace, and diminishing the rights of Plaintiff.

36.    As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed in an amount according to proof, and will suffer further, irreparable injury unless the requested relief is granted.

37.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Copyrighted Works. As such, Plaintiff is entitled

1    to disgorgement of Defendants' profits directly and indirectly attributable to
2    Defendants' infringement of the Copyrighted Works in an amount according to proof.

3        38.    Plaintiff is further informed and believes that Defendants infringed
4    Plaintiff's Copyrighted Works with knowledge that they were the property of Plaintiff,
5    licensed to Pallen Martial Arts, and/or with knowledge that its respective actions were
6    in violation of Plaintiff's Copyrighted Works, and/or in a reckless manner in such a way
7    as to render Defendants liable for willful infringement.

8                            **SECOND CAUSE OF ACTION**
9                              **(Breach of Contract)**
10   **(By Pallen Martial Arts Against Shir Martial Arts, fka PM2-Shir Martial Arts)**

11       39.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1
12   through 38, inclusive, and incorporates them by this reference herein.

13       40.    On April 30, 2010, Defendant Shir Martial Arts, fka PM2-Shir Martial
14   Arts became an authorized licensee of Plaintiff's rights by executing the license
15   purchase agreement and Licensed Methods Agreement.  By signing the Agreement,
16   Defendant agreed to, among other things; (1) operate only a Pallen M2 Martial Arts
17   School using the Licensed Methods set forth therein; (2) to pay reasonable royalties
18   based on gross sales generated from its school; (3) cease use of and return any and all
19   proprietary information belonging to Plaintiff in the event of termination; (4) treat as
20   proprietary and confidential the Licensed Materials; and (5) not compete with Plaintiff
21   post termination for at least two years.

22       41.    In return, Plaintiff agreed to fulfill its obligations as articulated in the
23   Agreement.

24       42.    Plaintiff, at all times, performed the terms of the Agreement in the manner
25   specified with the exception of those terms excused.

26       43.    Defendant breached the Agreement by, among other things; (1) operating a
27   non-Pallen M2 Martial Arts School; (2) failing to pay any royalties; (3) failing to cease
28   use of and failing to return the Licensed Materials; (4) disclosing proprietary and trade

FIRST AMENDED COMPLAINT

secret information to third parties; and (5) competing with Plaintiff after alleged termination of the Agreement.

44.   Plaintiff is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful acts as hereinabove alleged.  The amount of such damages cannot be determined at this time.  Plaintiff is also entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged.  Plaintiff is unable to ascertain at this time the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid unlawful conduct.

## THIRD CAUSE OF ACTION

### (Unfair Business Practices [Cal. Bus. & Prof. Code § 17200 et seq.])

### (By All Plaintiffs Against All Defendants)

45.   Plaintiffs re-allege each and every allegation set forth in Paragraphs 1 through 44, inclusive, and incorporates them as though fully set forth by this reference herein.

46.   Defendants' aforesaid conduct is an act of unfair competition under California common law and is a violation of Cal. Bus. & Prof. Code Section 17200.

47.   These wrongful acts have proximately caused and will continue to cause Plaintiffs substantial injury, including dilution of goodwill, confusion for potential and existing customers, injury to its value of its confidential information and other proprietary information.  These actions will cause imminent irreparable harm and injury to Plaintiffs, the amount of which will be difficult to ascertain, if they continue.  Plaintiffs are without an adequate remedy at law.

48.   Plaintiffs are entitled to an injunction refraining Defendants, their agents, employees, and all persons acting in concert with them from engaging in further unlawful conduct as described herein.

49.   Plaintiff is entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful acts as hereinabove

1    alleged.  The amount of such damages cannot be determined at this time.  Plaintiffs are

2    also entitled to recover from Defendants the gains, profits, and advantages they have

3    obtained as a result of their wrongful acts as hereinabove alleged.  Plaintiffs are unable

4    to ascertain at this time the full extent of the gains, profits and advantages Defendants

5    have obtained by reason of their aforesaid unlawful conduct.

6        50.    The conduct of Defendants was willful, fraudulent, oppressive, malicious

7    and in conscious disregard of the rights of Plaintiffs, and Plaintiffs are therefore entitled

8    to punitive damages against Defendants.

9                          **FOURTH CAUSE OF ACTION**

10                     **(Misappropriation of Trade Secrets)**

11                  **(By All Plaintiffs Against All Defendants)**

12        51.    Plaintiffs re-allege each and every allegation set forth in Paragraphs 1

13   through 50, inclusive, and incorporates them by this reference herein.

14        52.    Plaintiffs are the owners of valid trade secrets used in connection with the

15   Pallen Dojos.  The Licensed Methods, licensed to Defendants as part of the Agreement,

16   contain information which is not generally known to the public or to other persons who

17   can obtain economic value from its disclosure or use, is the subject of efforts by

18   Plaintiffs to maintain its secrecy, and derives independent economic value from not

19   being generally known, such information constitutes "trade secrets."

20        53.    Defendants misappropriated Plaintiffs' trade secrets by acquiring those

21   trade secrets when they knew or should have known that the trade secrets were being

22   acquired from an individual or entity who owed a duty to Plaintiffs to maintain the

23   secrecy of its trade secrets or limit their use, or who acquired Plaintiffs' trade secrets

24   under circumstances giving rise to a duty to maintain their secrecy or limit their use,

25   and by disclosing or using Plaintiffs' trade secrets without its implied or express

26   consent.

27

28

54.   By reason of the foregoing acts and conduct of Defendants, Plaintiffs will suffer great and irreparable harm and damage, which damage will be difficult to ascertain, and Plaintiffs will be without an adequate remedy at law.

55.   Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them, from engaging further in such unlawful conduct and from reaping any additional commercial advantage from their misappropriation of Plaintiffs' trade secrets.

56.   Plaintiffs are entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful acts as hereinabove alleged.  Plaintiffs are also entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged. Plaintiffs are unable to ascertain at this time the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid unlawful conduct.

57.   Defendants' acts of misappropriation were both willful and malicious, and therefore Plaintiffs are entitled to exemplary damages.

## FIFTH CAUSE OF ACTION

### (Conversion)

### (By All Plaintiffs Against All Defendants)

58.   Plaintiffs re-allege each and every allegation set forth in Paragraphs 1 through 57, inclusive, and incorporates them by this reference herein.

59.   Plaintiffs are the owners of the property alleged herein, including the Business Information and Licensed Methods.

60.   Defendants intentionally and substantially interfered with Plaintiffs' property by failing to return property after Plaintiffs demanded it be returned.

61.   By reason of the foregoing acts and conduct, Defendants have unlawfully and wrongfully converted for their own use the Business Information and Licensed Methods belonging to Plaintiffs for purposes of running an unauthorized dojo for their own commercial gain.

FIRST AMENDED COMPLAINT

62.    As a direct and proximate result of the unlawful conversion of the Business Information and Licensed Methods, Plaintiffs have been damaged in an amount not yet fully ascertained.

63.    In doing the acts alleged herein, Defendants are guilty of oppression, fraud and malice, and have acted in conscious disregard of Plaintiffs' rights, entitling Plaintiffs to punitive damages in an amount to be established at trial.

## SIXTH CAUSE OF ACTION

### (For Vicarious Copyright Infringement)

### (By Plaintiff Fe Pallen Against Samar Shirmohamadi, Manuchehr Shirmohamadi and Marjan Mahjouri)

64.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 63, inclusive, and incorporates them as though fully set forth by this reference herein.

65.    Plaintiff is the owner of valid copyrights, described as the Copyrighted Materials.

66.    Defendants are, in their capacities, supervisors of those responsible for copying information for use in connection with their martial arts business.

67.    As owners and operators of the martial arts dojo, Defendants, each of them, had the right and ability to supervise the use of materials in connection with their martial arts dojo.

68.    Defendants had access to Plaintiff's Copyrighted Works, including through (a) access provided by Plaintiff as part of the Agreement.  Defendants caused copies of the Copyrighted Works to be made at a local copy store, Office Max, to use these items in connection with their dojo, without Plaintiff's authorization.

69.    Defendants allowed for the unauthorized use of Plaintiff's Copyrighted Works, or any substantially similar representations, in connection with the operation of its business, the marketing and/or sale of its services, and in other manners in which to compete with Plaintiff.

FIRST AMENDED COMPLAINT

70.     Use of identical Copyrighted Works at a Defendants' competing dojo is likely to suggest to consumers that Defendants and Plaintiff are affiliated, and that Defendants are endorsed, sponsored or otherwise associated with Plaintiff, causing confusion in the marketplace, and diminishing the rights of Plaintiff.

71.     As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed in an amount according to proof, and will suffer further, irreparable injury unless the requested relief is granted.

72.     Due to the acts of vicarious infringement as alleged herein, Defendants have obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Copyrighted Works.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' vicarious infringement of the Copyrighted Works in an amount according to proof.

73.     Plaintiff is further informed and believes that Defendants vicariously infringed Plaintiff's Copyrighted Works with knowledge that they were the property of Plaintiff, licensed to Pallen Martial Arts, and/or with knowledge that its respective actions were in violation of Plaintiff's Copyrighted Works, and/or in a reckless manner in such a way as to render Defendants liable for willful vicarious infringement.

## SEVENTH CAUSE OF ACTION

### (For Contributory Copyright Infringement)

### (By Plaintiff Fe Pallen Against Shir Martial Arts, LLC)

74.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 73, inclusive, and incorporates them as though fully set forth by this reference herein.

75.     Plaintiff is the owner of valid copyrights, described as the Copyrighted Materials.  Defendant had knowledge of the Copyrighted Materials owned by Plaintiff and had access to said Materials pursuant to the terms of the Agreement.

76.   Defendant had access to Plaintiff's Copyrighted Works, including through (a) access provided by Plaintiff as part of the Agreement.  Defendant caused copies of the Copyrighted Works to be made at a local copy store, Office Max, to use these items in connection with their dojo.

77.   Defendants knew the copying and use of the Copyrighted Materials was unauthorized and without Plaintiff's permission.

78.   Defendants allowed for the unauthorized use of Plaintiff's Copyrighted Works, or any substantially similar representations, in connection with the operation of its business, the marketing and/or sale of its services, and in other manners in which to compete with Plaintiff.

79.   Use of identical Copyrighted Works at a Defendants' competing dojo is likely to suggest to consumers that Defendant and Plaintiff are affiliated, and that Defendant is endorsed, sponsored or otherwise associated with Plaintiff, causing confusion in the marketplace, and diminishing the rights of Plaintiff.

80.   As a direct and proximate result of Defendant's conduct, Plaintiff has been harmed in an amount according to proof, and will suffer further, irreparable injury unless the requested relief is granted.

81.   Due to the acts of contributory infringement as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of the Copyrighted Works.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's contributory infringement of the Copyrighted Works in an amount according to proof.

82.   Plaintiff is further informed and believes that Defendant's contributorily infringed Plaintiff's Copyrighted Works with knowledge that they were the property of Plaintiff, licensed to Pallen Martial Arts, and/or with knowledge that its respective actions were in violation of Plaintiff's Copyrighted Works, and/or in a reckless manner in such a way as to render Defendant's liable for willful contributory infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.      That all Defendants each be held to have infringed Plaintiffs' copyrights;

2.      That the individual Defendants each be held liable for vicariously infringing Plaintiff's copyrights;

3.      That Defendant Shir Martial Arts, LLC be held liable for contributorily infringing Plaintiff's copyrights;

4.      That Defendant Shir Martial Arts, LLC be held to have breached the Agreement;

5.      That all Defendants be held to have committed acts of unfair competition under California statutory law;

6.      That all Defendants be held to have misappropriated Plaintiffs' trade secrets;

7.      That all Defendants each be held to have unlawfully converted the property of Plaintiffs;

8.      That Defendants, their agents and employees be enjoined from reproducing or utilizing any of the Copyrighted Works;

9.      That Defendants, their agents and employees be enjoined from using Plaintiffs' Business Information and Licensed Methods, and be ordered to return such Business Information and Licensed Methods which are currently in their possession, custody and/or control;

10.     That Judgment be entered for Plaintiff against Defendants for Plaintiffs' actual damages according to proof, and for any additional profits attributable to Defendants' infringement of Plaintiff's Copyrighted Works;

11.     That Judgment be entered for Plaintiff against Defendants for Plaintiff's actual damages according to proof, and for any additional profits attributable to Defendants' vicarious infringement of Plaintiff's Copyrighted Works;

12. That Judgment be entered for Plaintiff against Defendant for Plaintiff's actual damages according to proof, and for any additional profits attributable to Defendants' contributory infringement of Plaintiff's Copyrighted Works;

13. That Judgment be entered for Plaintiffs and against Defendants for statutory damages based on Defendants' wrongful acts;

14. That Plaintiffs be awarded all profits of Defendants plus all losses of Plaintiffs, plus any other monetary advantage gained by Defendants through its infringement, the exact sum to be proven at the time of trial.

15. That Plaintiffs be awarded their attorneys' fees;

16. That Plaintiffs be awarded pre-judgment interest as allowed by law;

17. That Plaintiffs be awarded the costs of this action; and

18. That Plaintiffs be awarded such other, further, and different relief as the Court may deem proper under the circumstances.

Dated:  June 23, 2014

CALL & JENSEN
A Professional Corporation
David R. Sugden
Deborah A. Gubernick


By: /s/ Deborah A. Gubernick
Deborah A. Gubernick

Attorneys for Plaintiffs PALLEN MARTIAL ARTS, LLC, and FE PALLEN, an individual

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues raised in the First Amended Complaint.

Dated:  June 23, 2014

CALL & JENSEN
A Professional Corporation
David R. Sugden
Deborah A. Gubernick


By: */s/ Deborah A. Gubernick*
    Deborah A. Gubernick

Attorneys for Plaintiffs PALLEN MARTIAL ARTS, LLC, and FE PALLEN, an individual

FIRST AMENDED COMPLAINT