James A. Lassart – 40913
Adrian G. Driscoll – 95468
James F. Monagle – 236638
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

Attorneys for Defendant
SHIR MARTIAL ARTS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PALLEN MARTIAL ARTS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHIR MARTIAL ARTS, LLC, a California limited liability company, f/k/a PALLEN M2- SHIR, LLC,<br><br>Defendant. | Case No.: 13-cv-05898 JST<br><br>Related Case Nos.: 14-cv-02433-JST<br>   14-cv-02742-JST<br><br>**MODIFIED STIPULATED PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL INFORMATION; [PROPOSED] ORDER THEREON**<br><br>Complaint Filed: December 19, 2013<br>Trial Date: October 19, 2015 |

Pursuant to this Court's Order dated December 19, 2014 [Dkt. 54][1], Federal Rule of Civil Procedure 26(c), and based on the stipulation of the respective counsel for the Parties, which include Plaintiffs PALLEN MARTIAL ARTS, LLC and FE PALLEN (collectively "Pallen" or "Plaintiffs"),

---

[1] The following identified paragraphs of the Northern District of California's Model Stipulated Protective Order for Standard Litigation ("MO") suggested by the Court for incorporation herein have been included verbatim as follows: ¶5.1MO = 3.; ¶6.2MO = 13.1; ¶6.3MO = 13.2; ¶11MO = 7. The only modification to any identified paragraph of the MO is to section 2.7 herein, which defines "Litigation Material" in order to broaden and clarify the MO's definition of "Disclosure or Discovery Material" (¶2.5MO) to include materials produced pursuant to settlement discussions. The remainder of ¶2MO is incorporated verbatim herein.

and Defendants SHIR MARTIAL ARTS, LLC, SAMAR SHIRMOHAMADI, MANUCHEHR SHIRMOHAMADI, and MARJAN MAHJOURI (collectively "Defendants"), and for good cause shown, IT IS HEREBY ORDERED that this Stipulated Protective Order shall control the disclosure, dissemination, and use of confidential information in the Lawsuit:

1. <u>Scope of Order</u>. This Order shall govern the production, use, and disclosure of all Litigation Material (as defined in Section 2.4 below).

2. <u>Definitions</u>.

    2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.6 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.7 Litigation Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, all information and materials produced by the Parties in furtherance of potential settlement discussions, and all copies, excerpts, or summaries of those materials.

    2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Litigation Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Litigation Material that is designated as "CONFIDENTIAL."

2.14 Receiving Party: a Party that receives Litigation Material from a Producing Party.

3. Designating Protected Material.

3.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4. Method of Designating Material as CONFIDENTIAL.

4.1 Designation of confidential Litigation Material shall be made by stamping the legend "CONFIDENTIAL" on the document. Multi-paged Litigation Material must be stamped "CONFIDENTIAL" on each page so designated. If the Litigation Material cannot be so labeled, it must be designated CONFIDENTIAL in some other conspicuous manner. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to counsel of the Party receiving the document, who shall mark the original and all known copies of the documents with the proper designation. In addition, the receiving party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those persons entitled to receive CONFIDENTIAL information under the terms set forth herein.

4.2 If originals or other non-bates stamped Litigation Material are made available to a Party for inspection, the entirety of such material shall be treated as CONFIDENTIAL pursuant to this Order until such time as it is copied and the CONFIDENTIAL legend can be affixed to the copies of any confidential Litigation Material. The Party producing such Litigation Material shall designate as CONFIDENTIAL any confidential Litigation Material selected for copying by the receiving Party by stamping or requesting in writing the stamping of the legend "CONFIDENTIAL" on the copies of such Litigation Material. All original or other non-bates stamped Litigation Material and information contained therein that is reviewed, but not selected for copying, by the receiving Party shall be treated as CONFIDENTIAL pursuant to this Order.

4.3 Information conveyed or discussed in deposition testimony or legal proceeding, in court or before an arbitrator, may be designated CONFIDENTIAL by an indication on the record at the deposition or legal proceeding, or by written notice of the specific pages and lines of testimony that are CONFIDENTIAL within twenty-one (21) days after receipt of the transcript of the deposition or legal proceeding. Each Party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody, or control. While the twenty-one (21) day period is pending, the Parties will treat the transcript and the information contained therein as CONFIDENTIAL in accordance with this Order.

5. <u>Material Designated ATTORNEYS' EYES ONLY</u>.  A Party may designate Litigation Material that it deems highly confidential and extremely sensitive, the disclosure of which to another Party or third party would create a substantial risk of serious harm that could not be avoided by less restrictive means, as being ATTORNEYS' EYES ONLY, following the same procedure set forth in section 3 above.  Designation of ATTORNEYS' EYES ONLY Litigation Material shall be made by stamping or writing the legend "ATTORNEYS' EYES ONLY" on the document.  Multi-paged Litigation Material must be stamped "ATTORNEYS' EYES ONLY" on each page so designated.  Only the attorneys for the Parties may review materials designated ATTORNEYS' EYES ONLY.  The attorneys may not share these documents or the information contained in these documents with the Parties or any third party.

6. <u>Failure to Designate Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY</u>. The failure of a party to designate information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Order, and the failure to object to such a designation, shall not preclude a Party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  The Parties understand and acknowledge that a Party's failure to designate information or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" relieves the other party of any obligation of confidentiality until such a designation is made.  Promptly after any such designation, the receiving Party shall mark with the appropriate legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any such designated documents, and all documents containing any such designated information will be thereafter appropriately treated in accordance with this Order.

7. <u>Inadvertent Production Of Privileged Or Otherwise Protected Material</u>.   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as

the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

8. <u>Use of Litigation Material, CONFIDENTIAL Litigation Material and ATTORNEYS' EYES ONLY Litigation Material</u>.  All Litigation Material, including but not limited to CONFIDENTIAL Litigation Material and ATTORNEYS' EYES ONLY Litigation Material, may be used solely for the purposes of this action and for no other purpose.  All Litigation Material, including but not limited to CONFIDENTIAL Litigation Material and ATTORNEYS' EYES ONLY Litigation Material shall not be disclosed directly or indirectly to any other person other than as provided in this Order, except by written agreement of the producing Party.  Any person found to have made an impermissible use of Litigation Material will be subject, without limitation, to civil and criminal penalties for contempt.

    8.1   CONFIDENTIAL Litigation Material may be disclosed to the following persons:

        8.1.1   any court before which this action is pending and any court to which an appeal or enforcement in this action may arise;

        8.1.2   the Parties, including present officers, directors, and other employees of the Parties, to the extent reasonably necessary for the prosecution or defense of claims in this Lawsuit;

        8.1.3   house counsel and outside counsel representing the Parties, and their support personnel whose functions require access to such CONFIDENTIAL Litigation Material;

        8.1.4   any actual or potential witness or deponent to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent;

        8.1.5   professional vendors who perform copying, computer classification, or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

  8.1.6 court reporters and other persons engaged in preparing transcripts of testimony or hearings in this Lawsuit;

  8.1.7 members of law enforcement pursuant to a duly executed subpoena;

  8.1.8 experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this action, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this action; and

  8.1.9 any other person who is so designated by order of any court before which this action is pending, or by agreement of the producing Party.

8.2 No CONFIDENTIAL Litigation Material may be disclosed to persons identified in subparagraphs (iv), (viii), and (ix) until they have reviewed this Order and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by its terms.

8.3 ATTORNEYS' EYES ONLY Litigation Material may be disclosed to the following persons:

  i. any court before which this action is pending; and any court to which an appeal in this action may arise;

  ii. members of law enforcement pursuant to a duly executed subpoena; and

  iii. house counsel and outside counsel representing the Parties, and their support personnel whose functions require access to such material.

9. <u>Use of CONFIDENTIAL Litigation Material at Deposition</u>.  Any Party may use CONFIDENTIAL Litigation Material pursuant to the terms of this Order as an exhibit in a deposition taken in this Lawsuit, subject to such exhibit being marked as CONFIDENTIAL. If deposition testimony concerning CONFIDENTIAL Litigation Material is requested or elicited, counsel for the producing Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the

1   terms of this Order.  Each deposition shall be treated as CONFIDENTIAL without need for
2   designation until twenty-one (21) days after each Party has received a copy of the transcript, at
3   which point a Party may designate portions of the transcript as "CONFIDENTIAL" Litigation
4   Material.

5   10.   <u>Use of ATTORNEYS' EYES ONLY Litigation Material at Deposition</u>.  A Party may use
6   ATTORNEYS' EYES ONLY Litigation Material pursuant to the terms of this Order as an
7   exhibit in a deposition taken in this Lawsuit only when the deponent is an officer, director, or
8   other employee of the Party that produced the ATTORNEYS' EYES ONLY Litigation
9   Material, subject to such exhibit being marked ATTORNEYS' EYES ONLY.  If deposition
10  testimony concerning ATTORNEYS' EYES ONLY Litigation Material is requested or elicited,
11  counsel for the producing Party may request that the room in which the deposition is being
12  taken shall be closed except to persons who are permitted access to such information under the
13  terms of this Order.  Each deposition in which ATTORNEYS' EYES ONLY Litigation
14  Material are used shall be treated as ATTORNEYS' EYES ONLY without need for designation
15  until twenty-one (21) business days after the producing Party has received a copy of the
16  transcript, at which point the producing Party may designate portions of the transcript as
17  "ATTORNEYS' EYES ONLY" Litigation Material.

18  11.   <u>Responding to Subpoenas Requesting CONFIDENTIAL Litigation Material or ATTORNEYS'</u>
19  <u>EYES ONLY Litigation Material</u>.  If a person in possession of CONFIDENTIAL or
20  ATTORNEYS' EYES ONLY Litigation Material who is not the producing Party with respect
21  to that Material receives a subpoena or other request seeking production or other disclosure of
22  CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material in connection with a
23  civil proceeding, he/she/it shall (a) immediately give written notice to counsel for the producing
24  Party identifying the CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material
25  sought and the date and time production or other disclosure is required, (b) furnish those
26  attorneys of record with a copy of said subpoena or other process or order, and (c) shall not
27  interfere with respect to any procedure sought to be pursued by the party or non-party whose
28  interests may be affected.  The Party or non-party asserting confidential treatment shall have

the burden of defending against such subpoena, process or order. The person or Party receiving the subpoena or other process or order shall, once sufficient notice to all interested parties and a reasonable opportunity (but in no case less than ten days after notice) to object has been given, be entitled to comply with it except to the extent the Party or non-party asserting the confidential treatment has filed for or succeeded in obtaining an order modifying or quashing the subpoena. In the event the return or response date for any such subpoena or the compliance date for any such order is less than ten days after service thereof, the Party receiving the subpoena or order shall:  (1) request an extension of the return or compliance date, and (2) advise the opposing party immediately of such return or compliance date.

12. <u>Filing CONFIDENTIAL Litigation Material or ATTORNEYS' EYES ONLY Litigation Material Under Seal</u>. Whenever any document designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or any pleading containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information is filed with the Court, the filing party must apply to file such documents separately under seal, pursuant to all applicable local rules, and to lodge such documents under seal until such time as the application is ruled on. The Clerk of Court is directed to maintain under seal all such CONFIDENTIAL and ATTORNEYS' EYES ONLY Litigation Material.

13. <u>Challenges to Designation of Litigation Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY</u>."

13.1   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

13.2 Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

14. <u>Exemptions for Authors and Material Independently Obtained or Publicly Available.</u>  Nothing in this Order shall be deemed in any way to restrict the use of documents or information which

are lawfully obtained or publicly available to a Party independent of production in this action, whether or not the same material has been obtained during the course of discovery in this Lawsuit and whether or not such documents or information have been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

 14.1 Nothing in this Order shall be deemed to prohibit disclosure of any Litigation Material that is currently in the Party's lawful possession, custody, or control; that later comes into the possession of the Party from others lawfully in possession of such information or who are not Parties or bound by this or a comparable Order or obligation; that is or has become public knowledge through no fault of the Party having the obligation of confidentiality; or that is required to be disclosed by any law, regulation, order, or rule of any governmental authority.

 14.2 Nothing in this Order shall be deemed to prohibit disclosure of any Litigation Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to such persons as appear on the face of the document to be its author.

 14.3 Nothing in this Order shall be deemed to prohibit disclosure of any Litigation Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to such persons that appear on the face of the document to have received a copy of the Litigation Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" from the producing Party.

 14.4 Nothing in this Order shall be deemed to prohibit disclosure of any Litigation Material that contain summaries of purchase and/or sales data designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the individuals or entities involved in the transaction.

 14.5 Nothing in this Order shall be deemed to limit or prohibit any manner of use of any Litigation Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the Party producing such CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material.

15. <u>No Waiver of Objections</u>.  Nothing in this Order shall constitute a waiver of a Party's right to object to the production of Litigation Material or to demand more stringent restrictions upon

the treatment and disclosure of any Litigation Material on the ground that it contains particularly sensitive information.

16. <u>No Waiver of Privilege</u>.

 16.1 The terms of this Order shall in no way affect a Party's right to withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

 16.2 The production of any document or other information shall be without prejudice to any claim that such material is protected from discovery under the attorney-client or other privilege such as work product, and no party shall be held to have waived any rights by such production. Upon written request by the producing Party, the receiving Party shall: (a) return the original and all copies of such inadvertently produced privileged documents; (b) shall not review, copy, or disseminate the privileged documents or information; and (c) shall not use such documents or information for any purpose absent further ruling by the Court.

17. <u>No Admission</u>. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by either Party to a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder nor in relation to the merits of any claims or defenses raised in this Lawsuit.

18. <u>Court Retains Jurisdiction</u>. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary.

19. <u>Post-Action Treatment of CONFIDENTIAL Litigation Material and ATTORNEYS' EYES ONLY Litigation Material</u>. No later than ninety (90) days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this action, any person possessing any CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material shall return all such CONFIDENTIAL and ATTORNEYS' EYES ONLY Litigation Material, including all copies, extracts, and summaries, to the producing Party, or, in

lieu thereof, shall certify in writing that all CONFIDENTIAL and ATTORNEYS' EYES ONLY Litigation Material has been destroyed, except that counsel of record may retain for their files copies of any paper served or filed with the Court in this action, including portions of any such papers that contain or disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material.

20. <u>Continuing Effect of this Order.</u>  Neither the final disposition of this Lawsuit, by judgment, dismissal, settlement, or otherwise, nor the termination of employment of any person who had access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material shall relieve any person from the obligations of maintaining both the confidentiality and the restrictions of use of anything disclosed pursuant to this Order.

21. <u>Modification of this Order</u>.  Any Party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material, including the use of such material in submissions to the Court.  Nothing in this Order shall preclude the Parties from moving to amend or modify this Order by stipulation, or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing and applies only to CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material that was produced by the signatories to the agreement.

22. <u>Entry and Enforcement of Order by the Court.</u>  The Parties stipulate this Order for entry by the Court and agree to be bound by the terms effective as of the date the Stipulated Protective Order was fully executed by the Parties, as if the Order had been entered on that date.  The Court may impose sanctions on any person possessing or granted access to CONFIDENTIAL or ATTORNEYS' EYES ONLY Litigation Material pursuant to this Order who discloses or uses the CONFIDENTIAL Litigation Material or ATTORNEYS' EYES ONLY Litigation Material for any purpose other than as authorized by this Order or who otherwise violates the terms of this Order.  All persons to whom CONFIDENTIAL Litigation Material or ATTORNEYS' EYES ONLY Litigation Material is disclosed shall be subject to the jurisdiction of this Court for the purpose of enforcing this Order.  This Order shall continue in

full force and effect, and shall be binding upon the Parties and all persons to whom CONFIDENTIAL Litigation Material or ATTORNEYS' EYES ONLY Litigation Material has been disclosed, both during and after the pendency of this case.

**IT IS SO STIPULATED.**

Dated: January 13, 2015

        Respectfully Submitted,

CALL & JENSEN

By /s/ DEBORAH A. GUBERNICK
David R. Sugden
Deborah A. Gubernick
Attorneys for Plaintiffs
PALLEN MARTIAL ARTS, LLC and FE PALLEN

Dated: January 13, 2015

MURPHY, PEARSON, BRADLEY & FEENEY

By /s/ JAMES A. LASSART
James A. Lassart
Adrian G. Driscoll
James F. Monagle
Attorneys for Defendants
SHIR MARTIAL ARTS, LLC; SAMAR SHIRMOHAMADI, MANUCHEHR SHIRMOHAMADI, and MARJAN MAHJOURI

JAL.20860243.doc

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated January 13, 2015

By: _____
Judge of the...
For the No...

*IT IS SO ORDERED*
*Judge Jon S. Tigar*
(United States District Court, Northern District of California seal)

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PALLEN MARTIAL ARTS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHIR MARTIAL ARTS, LLC, a California limited liability company, f/k/a PALLEN M2- SHIR, LLC,<br><br>Defendant. | Case No.: 13-cv-05898 JST<br><br>Related Case Nos.:  14-cv-02433-JST<br>                                   14-cv-02742-JST<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

1    The undersigned acknowledges that violation of the Stipulated Protective Order may result in
2 penalties for contempt of court.

3
4 Name: _____
   Job Title: _____
5 Employer: _____
6 Business Address: _____
7                   _____
8                   _____
9
10 Date:_____   _____
                              Signature
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28